BURLINGTON COUNTY RAILWAY COMPANY, PLAINTIFF IN ERROR, v. NEW JERSEY RAPID TRANSIT COMPANY, DEFENDANT IN ERROR.

Argued March 15, 1909—Decided June 14, 1909.

The plaintiff's assignor having procured consents, ordinances and permissions for the building of a trolley railway, sold them, and as part consideration took a bond from the vendee conditioned to indemnify it against loss or claim of any character "emanating from or arising under or in connection with or by reason of said ordinances," &c., "at any time hereafter"—*Held*, that the bond only indemnified against losses arising after it was given, and that the obligor was not bound for debts of the vendor incurred in obtaining the consents and ordinances transferred.

On error to the Supreme Court.

For the plaintiff in error, *Carrow & Kraft.*

For the defendant in error, *Grey & Archer.*

The opinion of the court was delivered by

BERGEN, J.   The People's Traction Company having obtained certain ordinances and grants for permission to construct trolley railways in the counties of Cape May and Cumberland in this state, sold them to the defendant, and in part consideration was given a bond, which was subsequently assigned to the plaintiff.   The sufficiency of such assignment, with the right of the plaintiff to enforce its conditions, is not questioned.   After the delivery of the bond suits were brought against the plaintiff by persons who had rendered services to the People's Traction Company in procuring the consents, permissions and ordinances which that company had sold to the defendant.   These suits were unsuccessfully defended, and the plaintiff compelled to pay the claims sued for, in which defence counsel fees to a moderate amount were expended.   The present action was instituted on the bond of the defendant to recover the amounts paid for such services and counsel fees.   It was admitted that the services relating to the consents and ordinances were performed before the execution of the bond and the transfer of the consents and ordinances to the defendant.

At the close of the plaintiff's case the trial court directed a verdict for defendant, which order is the error assigned in support of this writ.   The bond upon which plaintiff's action is based, after reciting that certain "locations of rights of way and proposed new lines of railway and ordinances" had been taken out in the name of the People's Traction Company, contained a condition that if the defendant should indemnify the obligee "against all and every loss or claim through or by reason of any unpaid bills, charges, expenses or claims of any character emanating from or arising under

or in connection with or by reason of said ordinances, grants, locations, permissions, consents or permits *at any time hereafter,"* then the obligation was to be void.

The present controversy is confined to the effect to be given to the words "at any time hereafter." The claim of the plaintiff is that these words refer to unpaid bills which had been overlooked, disputed or not presented, of which the claims it had been required to pay were a part. To accede to this would require us to hold that the words were intended to refer to time of payment, because debts in existence could not arise "at any time hereafter," nor could the plaintiff thereafter incur obligations relating to the subject-matter of the bond, for the consents and ordinances had passed to the defendant. We think that the claims indemnified were those which might thereafter arise "under or in connection with or by reason of" the property conveyed. Nearly all such consents, permissions and ordinances impose some duty or obligation to be performed in the future by the holder thereof, of which the payment of an annual license fee is an illustration, and it was against claims of this character that indemnity was given.

The trial judge committed no error, and the judgment should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, REED, PARKER, BERGEN, VREDENBURGH, VROOM, GRAY, DILL, J.J. 10.

*For reversal*—SWAYZE, TRENCHARD, VOORHEES, MINTURN, BOGERT, J.J. 5.